**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 113808

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Karen Muldowney, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Kozeny, McCubbin & Katz LLP and Trinity Financial Services, LLC <br><br> Defendants. | Docket No: 5:17-cv-1046 (GLS/DEP) <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Karen Muldowney, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Kozeny, McCubbin & Katz LLP and Trinity Financial Services, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Karen Muldowney is an individual who is a citizen of the State of New York residing in Onondaga County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Kozeny, McCubbin & Katz LLP, ("Kozeny") is a New York Limited Liability Partnership with a principal place of business in Suffolk County, New York.

8. On information and belief, Defendant Trinity Financial Services, LLC ("Trinity") is a Florida Limited Liability Company with a principal place of business in Orange County, Florida.

9. Kozeny is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Trinity is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. Kozeny is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. Trinity is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

13. Defendants allege Plaintiff owes a debt on a mortgage ("the Debt").

14. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

15. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

16. Thereafter, at an exact time known only to Defendants, the Debt was assigned or otherwise transferred to Defendants for collection.

17. Thereafter, at an exact time known only to Defendants, Trinity became the servicer of the Debt.

18. Thereafter, at an exact time known only to Defendants, Kozeny was retained to collect the Debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

19. In its efforts to collect the Debt, Trinity contacted Plaintiff by letter ("the Trinity Letter") dated November 22, 2016. (**"Exhibit 1."**)

20. In its efforts to collect the Debt, Kozeny contacted Plaintiff by letter ("the Kozeny Letter") dated November 22, 2016. (**"Exhibit 2."**)

21. The Kozeny Letter was the initial communication Plaintiff received from Kozeny.

22. The Trinity Letter was the initial communication Plaintiff received from Trinity.

23.

24. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g(a)(3)**
**AS TO TRINITY**

25. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

26. 15 U.S.C. § 1692g(a)(3) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

27. The Trinity Letter fails to contain the required 15 U.S.C. § 1692g(a)(3) disclosure.

28. Trinity violated 15 U.S.C. § 1692g(a)(3) by its failure to provide the information required by that Section.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692g(a)(4)**
**AS TO TRINITY**

29. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

30. 15 U.S.C. § 1692g(a)(4) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

31. The Trinity Letter fails to contain the required 15 U.S.C. § 1692g(a)(4) disclosure.

32. Trinity violated 15 U.S.C. § 1692g(a)(4) by its failure to provide the information required by that Section.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692g(a)(5)
### AS TO TRINITY

33. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

34. 15 U.S.C. § 1692g(a)(5) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

35. The Trinity Letter fails to contain the required 15 U.S.C. § 1692g(a)(5) disclosure.

36. Trinity violated 15 U.S.C. § 1692g(a)(5) by its failure to provide the information required by that Section.

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692g(a)(3)
### AS TO KOZENY

37. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

38. 15 U.S.C. § 1692g(a)(3) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

39. The Kozeny Letter fails to contain the required 15 U.S.C. § 1692g(a)(3) disclosure.

40. Kozeny violated 15 U.S.C. § 1692g(a)(3) by its failure to provide the information required by that Section.

**FIFTH COUNT**
**Violation of 15 U.S.C. § 1692g(a)(4)**
**AS TO KOZENY**

41. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

42. 15 U.S.C. § 1692g(a)(4) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

43. The Kozeny Letter fails to contain the required 15 U.S.C. § 1692g(a)(4) disclosure.

44. Kozeny violated 15 U.S.C. § 1692g(a)(4) by its failure to provide the information required by that Section.

**SIXTH COUNT**
**Violation of 15 U.S.C. § 1692g(a)(5)**
**AS TO KOZENY**

45. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

46. 15 U.S.C. § 1692g(a)(5) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

creditor.

47. The Kozeny Letter fails to contain the required 15 U.S.C. § 1692g(a)(5) disclosure.

48. Kozeny violated 15 U.S.C. § 1692g(a)(5) by its failure to provide the information required by that Section.

**SEVENTH COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**
**AS TO TRINITY**

49. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

50. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

51. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

52. The Trinity Letter fails to set forth the name of the creditor to whom the debt is owed.

53. Trinity violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

**EIGHTH COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**
**AS TO KOZENY**

54. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

55. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

56. One such requirement is that the debt collector provide "the name of the creditor

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

57.   The Kozeny Letter fails to set forth the name of the creditor to whom the debt is owed.

58.   Kozeny violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

## CLASS ALLEGATIONS

59.   Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendants attempted to collect a consumer debt using substantially the same collection letters used here, from one year before the date of this Complaint to the present.

60.   This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

61.   Defendants regularly engage in debt collection.

62.   The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts using substantially the same collection letters used here.

63.   Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

64.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

65.   Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

66. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendants' actions violate the FDCPA; and

    d. Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

    g. Such other relief that the Court determines is just and proper.

DATED: August 8, 2017

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders*_____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 113808

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530